5

These Findings of Fact and Conclusions of Law
Are Not Appropriate for Publication

FILED
SEP - 7 2006
KT
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re
DDJ, INC.,

Debtor.

Case No. 05-10001-A-7
DC No. JF-5

In re
DDJ, LLC,

Debtor.

Case No. 05-10002-A-7 ✓
DC No. JF-5

FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING THE OBJECTION BY JOE FLORES TO THE CLAIM OF
ROBERT ROSE

On January 19, 2005, Robert G. Rose ("Rose") filed a proof of claim in Case No. 05-10001-A-7, the chapter 7 case of DDJ, Inc. (the "Inc. Case"). On January 14, 2005, Rose had filed a proof of claim in Case No. 05-10002-A-7, the chapter 7 case of DDJ, LLC (the "LLC Case"). Each claim was filed before the claims bar date. Rose's proof of claim in the Inc. Case claimed $6,965 for accounting, tax and related services. That claim is supported by a two page statement of charges. Rose's claim in the LLC Case is for $3,105 and is supported by a two page statement of charges.

151

In May 2006, Joe Flores, a creditor in both the Inc. Case and the LLC Case, filed objections to the Rose proofs of claim. Rose filed a declaration in support of his claim and in opposition to the objection in the LLC Case. He filed a second declaration in the LLC Case that contains additional itemization about his services in the Inc. Case and probably should have been filed in that case.

These objections to claim were both overruled without prejudice because of procedural deficiencies. Thereafter, Flores filed new objections to Rose's proofs of claim in each case, and hearings were held on the objections in each case on August 30, 2006. Rose filed no declaration or opposition to these second objections. Following a hearing, the court took both objections under submission. This memorandum[1] contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(B).

Bankruptcy Code § 502(b) provides that if an objection to claim is made, the court after notice and hearing "shall determine the amount of the claim" as of the date of the filing of the petition. A properly filed proof of claim constitutes prima facie evidence of the amount and validity of the claim. An objection to a claim must establish sufficient credible facts to rebut the proof of claim. The ultimate burden of proof is upon the claimant. In re Lundell, 223 F.3d 1035 (9th Cir. 2000). If

---

[1]These Findings of Fact and Conclusions of Law Are Not Appropriate for Publication.

the objecting party overcomes the prima facie effect of the proof of claim, the claimant must prove the validity of the claim by a preponderance of the evidence. In re Harrison, 987 F.2d 677 (10th Cir. 1993).

The objections to Rose's claims are almost identical. The thrust of the objections is that there is no evidence of the specific work that Rose performed for DDJ, Inc. or DDJ, LLC. Additionally, Flores asserts that DDJ, Inc. and DDJ, LLC sold their assets and liabilities to another company on July 30, 1999, and that after that time, neither was involved in business transactions that would make accounting or tax work necessary.

Flores includes a request for notice in support of his objection in each case that attaches a declaration of Dennis Hagobian filed in the United States District Court for the Eastern District of California in a civil action between Flores and DDJ, Inc. and others and a declaration of Dennis Vartan filed in the same action. If evidence here, those declarations would tend to support Flores' assertion that DDJ, Inc. and DDJ, LLC sold their assets in 1999.

However, there are problems. First, in the context of this objection to claim, the declarations of Dennis Vartan and Dennis Hagobian are hearsay. They are out of court statements offered to prove the truth of the matter asserted. Fed. R. Evid. 801. Thus, they are not admissible evidence.

Second, even if the declarations were admissible evidence, they do not support Flores' argument. The Hagobian declaration states that after the sale, the surviving entities, DDJ, Inc. and DDJ, LLC, were solvent companies having on hand cash and secured

notes for more than $2 million. The declaration of Mr. Hagobian also states that the business purpose of DDJ, Inc. and DDJ, LLC after the sale was to pursue commercial and residential real estate investments. Additionally, after the sale both entities, according to Hagobian, made distributions to their shareholders and members and filed tax returns. Hagobian states that up until June 2003, the companies had receivables in excess of $1,900,000 and virtually no liabilities.

Vartan's declaration is in accord. If anything, these declarations are support for Robert Rose's proof of claim in each case.

The proof of claim in each case is prima facie evidence of the amount and validity of the claim. The objection fails to overcome that prima facie effect, for the reasons set forth herein. Therefore, in each case, the objection is overruled. Separate orders will issue.

DATED: September 7, 2006

WHITNEY RIMEL, Judge
United States Bankruptcy Court

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA )
) ss.
COUNTY OF FRESNO )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On September 7, 2006, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Joe Flores
P. O. Box 3086
Visalia, CA 93278

Robert Rose, CPA
1100 W. Shaw Ave., Suite 138
Fresno, CA 93711-3708

David R. Jenkins, Esq.
P. O. Box 1406
Fresno, CA 93716

Thomas H. Armstrong, Esq.
5250 N. Palm Ave., #224
Fresno, CA 93704

Jeffrey L. Wall, Esq.
6067 N. Fresno Street, #101
Fresno, California 93710-5264

Henry D. Nunez, Esq.
4478 W. Spaatz Avenue
Fresno, CA 93722

Office of the United States Trustee
2500 Tulare Street
Suite 1401
Fresno, California 93721

I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on September 7, 2006, at Fresno, California.

Kathy Torres
Kathy Torres, PLS