

FILED
JUN 08 2011
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                               Case No. 05-10001-A-7
                                    DC Nos. CF-1; CF-3; JF-10
DDJ, INC.

        Debtor.
_____/
In re                               Case No. 05-10002-A-7
                                    DC Nos. CF-2; CF-3; JF-10
DDJ, LLC

        Debtor.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Various matters are under submission in the chapter 7 cases of DDJ, Inc. (05-10001-A-7) and DDJ, LLC (05-10002-A-7). They are:

- Motion to Vacate Court Order Dated September 5, 2007 approving Settlement Agreement (DC No. CF-2 in the DDJ, LLC case).
- Motion to Remove James E. Salven as Chapter 7 Trustee (DC No. CF-1 in the DDJ, Inc. case).
- Motion to Reconsider Order Granting Sale of Property (DC No. CF-3 in both cases).
- Motion for Sanctions (DC No. JF-10 in both cases).

1

The motions with Docket Control Numbers "CF" were brought by Connie Flores, and the motions with Docket Control Numbers "JF" were brought by her husband, Joe Flores. All the motions are the latest in skirmishes between Mr. and Mrs. Flores and the chapter 7 trustee. Both cases were filed in 2005. In 2007, Mr. and Mrs. Flores and the chapter 7 trustee entered into a settlement of the issues between them. However, Mr. and Mrs. Flores now challenge that settlement and seek to vacate it. They seek to remove Mr. Salven as trustee of the DDJ, Inc. case, and they ask the court to reconsider an order approving the sale of the trustee's litigation claims. Additionally, they seek sanctions.

The court will, herein, enter its findings of fact and conclusions of law on the motions described above, which were taken under submission. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A).

The court will first describe the background relevant to each matter.

In 1999, Joe Flores sued DDJ, Inc. and DDJ, LLC in the United States District Court for the Eastern District of California. That case became known as "Flores I."

Dennis Hagobian was an officer and director of DDJ, Inc., and Victoria Hagobian was a nominal director of DDJ, LLC for a time. In the course of the Flores I litigation, Mr. Flores attempted to add Dennis Hagobian as a defendant.

Eventually, judgment was entered against the debtor corporations, but not against any individual defendant, in 2004.

1 Mr. Flores then began to try to collect on the judgment. The
2 corporations did not have the money to pay.
3     Mr. Flores then filed suit against the Hagobians in 2004 in
4 the district court. That lawsuit became known as "Flores II."
5     He then filed another action in 2005 against Emerick and
6 Fike, et al., and that became known as "Flores III."
7     The debtors filed their petitions for bankruptcy in January
8 2005.
9     Flores I, II, and III were stayed until the trustees for
10 each of the debtors could settle their disputes with Mr. and Mrs.
11 Flores over who owned the Flores I alter ego claims and the
12 Flores II fraudulent transfer claims.
13     The trustees and the Floreses entered into a settlement.
14 That settlement provided that the trustees would join the Flores
15 I and Flores II matters and abandon Flores III to Mr. and Mrs.
16 Flores. Since the stay was lifted, all three matters have been
17 dismissed and final judgments entered.
18     Mr. Flores then filed a related action in bankruptcy court
19 against the debtors, their trustees, and the Hagobians, among
20 others, alleging that the Floreses should stand as a priority
21 creditor on the basis of asserted PACA violations. That action
22 was brought in the Enoch Packing Company bankruptcy case. That
23 adversary proceeding became known as "Flores IV."
24     This court dismissed Flores IV on the basis that no PACA
25 trust had been preserved. That ruling was affirmed by the
26 district court and also affirmed by the Ninth Circuit.
27     In 2008, Mr. Flores filed an action in Fresno County
28 Superior Court reiterating and adding to the claims set forth in

Flores II.  Then there was a dispute in that action about whether Mr. Flores was a vexatious litigant.

In 2009, Mr. Flores filed a second action in Fresno County Superior Court repeating, to a greater or lesser extent, the claims that had been made in the Flores I action.

In short, there has been a great deal of litigation by Mr. and Mrs. Flores against the debtors and others.

<u>DDJ, LLC (DC No. CF-2) Motion to Vacate Court Order Approving Settlement Agreement.</u>

A hearing on this motion was held March 9, 2011, and the court took it under submission at that time.  In 2007, a Settlement Agreement was entered into between and among Mr. and Mrs. Flores, Mr. Salven as chapter 7 trustee for DDJ, Inc., and Beth Stratton (then chapter 7 trustee for DDJ, LLC).  The court had referred the dispute among the parties to the Honorable Michael S. McManus, Bankruptcy Judge for the Eastern District of California, as settlement judge.  Following meetings with Judge McManus, the parties entered into a Settlement Agreement, which Judge McManus caused to be put on the record on December 29, 2006.  Subsequent to that time, a dispute arose about the Settlement Agreement, and the parties revised it in a handwritten document.  The parties then asked the court to approve it as the September 5, 2007 Settlement Agreement, which incorporated both the agreement reached with the assistance of Judge McManus and the handwritten document.  It is the order approving this settlement which by this motion Mr. and Mrs. Flores seek to vacate.

The motion is brought under Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60. Under Rule 60(b), a court may relieve a party from a final judgment or order if, among other reasons, the judgment is void (Rule 60(b)(4)); or for any other reason that justifies relief (Rule 60(b)(6)). The Floreses proceed on these grounds.

Relief under Rule 60(b) is an extraordinary remedy and is not a substitute for direct appeal of a judgment. When an error of law is alleged, the proper vehicle for an attack on that error is a direct appeal. In re Design Classics, Inc., 788 F.2d 1384 (8th Cir. 1986). A motion under Rule 60(b) must be made within a reasonable time.

Here, the order approving the Settlement Agreement was entered September 5, 2007. A hearing on the motion to vacate was held in March 2011.

The motion is based on the grounds that the ruling in Baum v. Duckor, Spradling & Metzger, 72 Cal. App. 4th 54 (1999) holds that professional malpractice and breach of fiduciary duty claims may not be assigned or sold by a bankruptcy trustee under California law and public policy. According to Flores, the September 5, 2007 Settlement Agreement is illegal because under it, the claims of the chapter 7 trustee in DDJ, LLC were assigned to DDJ, Inc. The alleged assigned claims were for breach of duty, professional negligence, and malpractice against the "Georgeson Defendants."

According to Mr. and Mrs. Flores, the "void" assignment of malpractice claims makes the entire settlement invalid.

The language that the Floreses find troubling is in the

5

transcript from the December 29, 2006, portion of the Settlement Agreement. In that document, Judge McManus stated:

> "The LLC case, DDJ, LLC, will assign - - will either assign its claims as presented in the District Court Flores I and II matters to DDJ, Inc., or, if assignment is - - doesn't work to the best advantage of the parties - - the two - - the two bankruptcy estates, it will remain in the name of DDJ, LLC, but DDJ, Inc. and its trustee will control the disposition of those assets."

Judge McManus then went on to state "The LLC - - LLC's rights are being either assigned to the Inc. case or it' LLC controlled by the Inc. case."

And further, the transcript reads:

> MR. ARMSTRONG [counsel for Mr. Salven]: Any rights of the LLC will be assigned to the Inc. case. Whatever rights the LLC may - -
>
> MS. STRATTON [former trustee for DDJ, LLC]: All LLC's claims - -
>
> THE COURT: All LLC claims.
>
> MS. STRATTON: - - causes of action.
>
> THE COURT: Everything.
>
> MS. STRATTON: It will be assigned to Inc.
>
> THE COURT: Right. That's taken care of in that general provision.

At the time the parties entered into the Settlement Agreement, they were concerned with claims that were then pending in two District Court actions known as Flores I and Flores II and also in an action in State Court. Only the action in State Court remains pending. The District Court actions have been decided adversely to the bankruptcy estates and to Flores.

The motion to vacate the court ordered Settlement Agreement will be denied by separate order. First, the motion was brought more than three years after an order approving the Settlement

Agreement was entered.  In the intervening time, all parties have relied on the Settlement Agreement.

Second, there is no requirement in the Settlement Agreement that any non-assignable claims be assigned from the LLC to the Inc. case.  Rather, the agreement provides that if it is appropriate to assign the claims, they will be assigned, and if it is not appropriate, they will be jointly prosecuted.  The declaration of James Salven in support of his opposition to the motion to vacate the Settlement Agreement states that he jointly prosecuted the claims of the respective bankruptcy estates.  There was no assignment.

There are no extraordinary circumstances existing to justify relief under Rule 60(b)(6).  Rather, the outcome of the Settlement Agreement was not what the parties hoped.  That is not a reason to set aside the Settlement Agreement.

For the above reasons, the motion to vacate the Settlement Agreement will be denied.

<u>DDJ, Inc. (DC No. CF-1) Motion to Remove James E. Salven as Chapter 7 Trustee of DDJ, Inc.</u>

On January 10, 2011, Connie Flores filed a motion to remove James E. Salven as trustee for DDJ, Inc.  A hearing on that motion was held March 9, 2011, after which time the court took the matter under submission.  The motion states that Salven has violated Bankruptcy Code § 704(a)(1), (2), (4), and (6).  The motion also refers to Bankruptcy Code § 324(a).  Section 324(a) provides that the court may remove a trustee for cause.  Section 704(a) describes the duties of a chapter 7 trustee.  According to Flores, Salven has been incompetent in the actual performance of

his duties; has failed to investigate the financial affairs of the debtor; has failed to take appropriate litigation steps; has misappropriated assets from the estate by conspiring with adversaries; has breached his contracts; has breached fiduciary duties; and has disobeyed the court's September 5, 2007 Order Approving Settlement Agreement. She further asserts personal misconduct and abuse of process.

Salven filed a declaration denying each of the allegations in the motion. The underlying factual history that gave rise to the dispute is not in controversy. It is, rather, the interpretation of those facts about which the parties disagree.

In the early part of the DDJ, Inc. case and the related case of DDJ, LLC, Joe Flores, the spouse of Connie Flores, filed numerous motions seeking to pursue various claims in the District Court. Those claims are generally known as the Flores I and Flores II cases. Eventually, Flores sought to remove Salven as trustee by a motion filed in August 2006. The court referred the matters pending among the trustees of the two chapter 7 cases and Mr. and Mrs. Flores to a settlement judge, and the Honorable Michael S. McManus, Bankruptcy Judge for the Eastern District of California, held a settlement conference in the two cases. As a result of the settlement conference, the parties entered into a Settlement Agreement. After that agreement was modified, the court approved a settlement among the parties by an order dated September 5, 2007. That Settlement Agreement contemplated that Salven would prosecute claims of DDJ, Inc. and DDJ, LLC, to conclusion.

As approved, the Settlement Agreement provided that Joe

Flores and Connie Flores would continue to be parties plaintiff in Flores I and Flores II and would jointly prosecute those cases with Salven to their conclusion. Those cases, District Court cases, have now been concluded in rulings adverse to the estates and to Mr. and Mrs. Flores.

The Settlement Agreement also provided that a case known as "Flores III, District Court No. CIV-05-0291" was preserved solely for the benefit of Joe and Connie Flores.

Also as a result of the Settlement Agreement, Mr. and Mrs. Flores withdrew their motions to remove Mr. Salven as trustee of the DDJ, Inc. case and Ms. Stratton as trustee of the DDJ, LLC case.

There is also a state court action ("State Court Action"). That action was to be prosecuted jointly by Salven and by Flores. Ultimately, Salven decided to dismiss certain claims in the State Court Action which constituted professional malpractice claims against the Georgeson law firm. Regarding this claim, Salven states:

> "After meeting with Mr. Georgeson, his attorney, Justin Campagne, Esq., and Mr. Armstrong on November 23, 2010, listening to the facts as explained by Mr. Georgeson that they would move into evidence, considering the scant information provided by Mr. Nunez as special counsel to me regarding the State Court Action, I directed Mr. Armstrong to send a letter to Mr. Nunez to immediately dismiss the Georgeson & Belardinelli defendants and their principals from the State Court Action with prejudice."

Prior to November 2010, Mr. Salven also learned that he had been sanctioned in the State Court Action, in which, pursuant the September 5, 2007 Settlement Agreement, he was represented by Henry Nunez. According to Mr. Salven,

> "On November 23, 2010, I personally spoke telephonically with Mr. Nunez, who admitted that the sanctions were issued, and further, that he personally paid the sanctions without ever advising me of the same."

According to Mr. Salven, Mr. Nunez never apprised him of outstanding discovery and only advised Salven of the monetary sanctions when Salven telephoned him about them.

Salven made reasonable litigation decisions in connection with the State Court Action. His actions with respect to the State Court Action did not amount to breach of fiduciary duty or failure to pursue preferential transfers or fraudulent conveyances. Rather, they were appropriate litigation judgment.

Further, Salven offered to sell the claims of the estate in the State Court Action to Mr. and Mrs. Flores. However, an overbid was received from certain defendants for the State Court Actions known as the "Hagobian Defendants" and others. Ultimately, the court approved that overbid.

Salven made a reasonable business decision to sell the claims, and that decision has been approved by this court.

The proper test for removal of a bankruptcy trustee is totality of the circumstances. <u>In the matter of AFI Holding, Inc.</u>, 530 F.3d 832, 848-849 (2008). The party seeking to remove a chapter 7 trustee has the burden of proof.

Based on all the facts and circumstances of the DDJ, Inc. chapter 7 case, the court finds and concludes that Mrs. Flores has failed to meet her burden of proof. Salven entered into a Settlement Agreement with Mr. and Mrs. Flores, which was approved by this court. Subsequently, he made a business decision to sell certain claims to the Hagobian Defendants and others. That sale

was approved by this court.

Additionally, there is no reason for an evidentiary hearing. There is little, if any, dispute about the facts. Rather, the dispute is about whether based on those facts, there has been a breach of the duty that the chapter 7 trustee owes to the creditors and to the estate. The court has concluded that there was no such breach.

For the above reasons, the motion to remove Mr. Salven will be denied by separate order.

<u>Motion to Reconsider Court Order Approving Sale of Property in both DDJ, Inc. and DDJ, LLC (DC Nos. CF-3 in each case).</u>

On April 26, 2011, Connie Flores filed a motion asking the court to reconsider its order approving sale of the litigation claims. Joe Flores joined in that motion. The claims of which the court approved a sale were claims in a state court lawsuit captioned <u>In re James E. Salven, et al. v. Dennis Hagobian, et al.</u>, State Court Case No. 08-CE-CG-03585 filed in the Fresno County Superior Court.

A hearing on the motion to approve the sale of the claims had been held December 16, 2010. The court took the matter under submission and put its Findings of Fact and Conclusions of Law on the motion to approve the sale on the record on March 9, 2011. An order was entered on April 11, 2011. The motion for reconsideration was filed April 26, 2011, under Federal Rule of Bankruptcy Procedure 9023; Federal Rule of Civil Procedure 52(a)(5); and Federal Rule of Civil Procedure 60(b)(3), (4), (6), and (d)(3).

The order granting sale of litigation claims states:

"1. The Motion for Sale of Litigation Claims Pursuant to 11 U.S.C. § 363(b) filed by James E. Salven, as Chapter 7 Trustee for the Estate of Ddj, Inc., Case No. 05-10001, and pursuant to the December 29, 2006 Settlement Agreement previously approved by this Court, as the representative of the bankruptcy estate of DDJ, LLC, Case No. 05-10002, is granted;

2. The bankruptcy estates of DDJ, Inc. and DDJ, LLC are authorized to sell the litigation claims to the Hagobian Defendants, the Davidson and Hedberg Defendants, and the Yeramian/Vartan Defendants, as prayed for in the Motion and in conformity with Mr. Salven's Further Declaration filed on December 9, 2010 in support of the Motion for the total sum of $60,750.55 consisting of $55,000.00 in cash to be received from the Hagobian and Davidson/Hedberg Defendants, and a waiver of costs incurred by the Yeramian/Vartan Defendants in regards to costs incurred in appeal in relation to the State Court action, commonly referred to as Flores V, bearing Fresno County Superior Court case No. 08-C-CG-035850DSB; and

3. A copy of this order may be filed or lodged in Fresno County Superior Court case No. 08-CE-CG-03585-DSB."

The grounds for the motion now before the court are that the documentary evidence in support of the motion for sale of litigation claims was insufficient, particularly in light of the evidence in opposition filed by Mr. and Mrs. Flores; that the moving parties violated the court's deadline for overbids; that Mr. Salven, Mr. Armstrong (his attorney), and Ralph Swanson misrepresented the overbid situation; that the claims in the litigation are personal and cannot be assigned or sold; and that Mr. Salven's business judgment does not meet the appropriate standards.

A motion for order approving sale of litigation claims pursuant to Bankruptcy Code § 363(b) was filed by James Salven on October 19, 2010. In that motion, Salven stated that he intended to sell certain litigation claims to CBP4Justice, LLC. The

members of CBP4Justice, LLC, are Connie Flores and two sons of Mr. and Mrs. Flores. The claims in question were the claims in the State Court Action, and the proposed sale price was the first $150,000 collected on any judgment. Additionally, pursuant to the proposed sale, Mr. and Mrs. Flores would withdraw any claims against the estates, and the administrative expenses of Mr. Nunez would be limited to $5,000.

At the hearing, objections were lodged by the Hagobian Defendants. They sought time to present a cash settlement offer to the trustee. The court allowed the defendants, two entities who opposed the motions, to present a cash settlement offer. The court stated:

> "So, I am going to set these two motions out for final hearing, and the final hearing will be December 16th at 9:00 a.m. And any further opposition to either motion needs to be filed and served by November 26th, and any - and that further opposition could include a proposed offer that you'd like to see the court accept. Any reply needs to be filed and served by no later than December 9th."

At the November 2, 2010 hearing, the court additionally stated that "If there's going to be an overbid by either of the two objecting parties, it [shall] be in Mr. Armstrong's - - sent to Mr. Armstrong for his receipt by November 22nd."

When Mr. Flores pointed out that he wouldn't know what the over bidders would be bidding, the court said "Well, they can serve it on Mr. Armstrong, and he can give you a copy."

The civil minute order following the hearing on November 2, 2010, stated:

> "IT IS ORDERED that the Trustee's Motion for sale is continued to 12/16/10 at 9:00 a.m. in Courtroom 11, Fifth Floor, 2500 Tulare Street, Fresno, California.

13

IT IS FURTHER ORDERED that any further opposition shall be filed and served by 11/26/10. Any reply shall be filed and served by 12/9/10. Any overbids shall be presented to Mr. Armstrong by 11/22/10."

On December 9, 2010, James Salven filed a declaration stating that he had received a timely counter-offer from the Hagobian Defendants, the Vartan Defendants, and the Davidson and Hedberg Defendants, to purchase the claims in question. He describes that their offer consisted of $55,000 in each and an agreement not to pursue additional costs in a lawsuit known as Flores VI. The declaration goes on to state:

> "Based upon the fact that Special Counsel has not yet progressed beyond the pleading stage in the state court actions, his failure to communicate with me and/or General Counsel, the fact that the outcome in Flores I and Flores II was not favorable for the estates, at this juncture it is my considered business opinion that the offer to sell the claims for $55,000.00 cash now, plus waiver of costs by the Vartan Defendants, to the Hagobian, Davidson and Hedberg, and Vartan Defendants is in the best interest of the estates as it provides cash now, closure, and is not speculative as is the CBP4Justice, LLC offer. I would ask the Court to consider my business opinion and to rule on which presents a better scenario for the bankruptcy estates, taking money now or risk litigation in perpetuity and futility with the risk of the estates, its special counsel, and creditors being borne with administrative expense claims that would render these estates administratively insolvent. I respectfully request that the Court consider this and approve the sale to the Hagobian Defendants, the Davidson and Hedberg Defendants and the Vartan Defendants which I believe presents the best offer to the bankruptcy estate."

On December 14, 2010, Joe and Connie Flores filed objections to this declaration by James Salven. Also on that date, Mr. Flores filed a Reply Memorandum in opposition to the proposed sale to the three groups of defendants and in support of the sale of the litigation claims to CBP4Justice, LLC. On December 16th, a hearing was held, and each party presented argument.

On March 9, 2011, the court put on the record its Findings

of Fact and Conclusions of Law with respect to the motions in each case for order approving sale of the litigation asset.  At that time, the court found and concluded that sale to the Hagobian/Vartan and Davidson and Hedberg Defendants was in the best interest of the estate and that Mr. Salven had exercised reasonable business judgment in recommending that resolution.

Moving party has failed to come up with any newly discovered evidence not available at the time of the original hearing and has failed to point to evidence that establishes a manifest error of law or fact.  Mr. and Mrs. Flores had ample time to make a higher bid.

For the above reasons, the motion to reconsider the order granting sale is denied.  Additionally, the court finds, based on the entirety of the record, that the trustee and the buyers have proceeded in good faith.  The purchasers have been involved in litigation in various fora for numerous years with Mr. and Mrs. Flores.  Attempting to resolve that litigation by purchasing the claims from the trustee is, in the court's view, in good faith under Bankruptcy Code § 363(m).

Motions for Sanctions in each case.

Joe Flores has filed motions for sanctions in each case under DC No. JF-10.  Connie Flores has joined in the motions for sanctions.  The motions for sanctions were filed in February 2011.  The motions for sanctions contend that Salven and Armstrong "have both made misrepresentations to this Court (which amounts to falsity and fraud on this Court) in order to gain an

upper hand and favorable ruling from this Court in what Salven and Armstrong coined as a business decision to sell claims."

The statements made by Salven and Armstrong, of which Flores complains, are simply statements with which Mr. Flores disagrees. They are not statements that are sanctionable under Federal Rule of Bankruptcy Procedure 9011.

The court is denying the motion to reconsider sale of the litigation claims; to remove the trustee; and to reconsider the September 2007 Settlement Agreement. All of the issues that Flores raises in the motion for sanctions are issues that are addressed in the other motions before the court. The fact that Mr. and Mrs. Flores disagree with Mr. Salven's and Mr. Armstrong's interpretation of events does not mean that Mr. Salven's or Mr. Armstrong's statements were misrepresentations. The declarations of Mr. Salven and Mr. Armstrong filed in opposition to the motions for sanctions make it clear that both Mr. Armstrong and Mr. Salven were proceeding in good faith. The fact that reasonable people may differ does not mean that sanctions are appropriate.

For the foregoing reasons, the motions for sanctions will be denied.

DATED: 6/8/11

WHITNEY RIMEL, Judge
United States Bankruptcy Court